UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIANA R. O/B/O
J.R.R.,[1]

Plaintiff,

Case # 23-CV-6417-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Eliana R. ("Plaintiff") brings this action on behalf of her son ("J.R.R.") pursuant to the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In May 2017, Plaintiff protectively filed an SSI application on J.R.R.'s behalf. Tr.[2] 685. She alleged disability since January 1, 2012. Tr. 684. On September 29, 2017, the claim was initially denied. Tr. 17. On March 12, 2019, Administrative Law Judge Katherine W. Brown ("the ALJ") held a hearing. Tr. 32–51. The ALJ issued a decision finding that J.R.R. was not disabled on July 30, 2019. Tr. 9–31. On August 5, 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1–6.

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

Plaintiff then appealed the ALJ's decision to this Court, which remanded the decision. Tr. 1384–86. Following remand, the ALJ held a hearing on January 30, 2023, Tr. 702–44, and on March 24, 2023, the ALJ issued a decision finding that Plaintiff was not disabled, Tr. 681–701. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

### II. Child Disability Standard

Individuals under eighteen years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(C)(i). In evaluating disability claims brought on behalf of children, the Commissioner is required to use the three-step process promulgated in 20 C.F.R. § 416.924. The first step requires the ALJ to determine whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(a). The second step requires the ALJ to determine whether the child has any severe impairments, defined as anything that causes "more than minimal functional limitations." *Id.* Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed

impairment. *Id.* If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is then considered disabled. 20 C.F.R. § 416.924(d)(1).

In determining whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six functional domains:

(i) Acquiring and using information;
(ii) Attending and completing tasks;
(iii) Interacting and relating with others;
(iv) Moving about and manipulating objects;
(v) Caring for yourself; and
(vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). The child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation exists when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is an impairment which "interferes very seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). If the child has an impairment that meets and medically or functionally equals the listings, and the impairment meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that J.R.R. had not engaged in substantial gainful activity. Tr. 685. At step two, the ALJ found that J.R.R. had severe impairments of asthma and attention deficit hyperactivity disorder ("ADHD"). Tr. 685.

At step three, the ALJ found that J.R.R. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R.

Part 404, Subpart P, Appx. 1. Tr. 685. Pursuant to 20 C.F.R. §§ 416.924(d) and 416.926a, the ALJ found that J.R.R. had a marked limitation in attending and completing tasks. Tr. 687. The ALJ also found that J.R.R. had less than marked limitations in acquiring and using information; interacting and relating with others; moving about and manipulating objects; ability to care for himself; and health and physical well-being. Tr. 687. Accordingly, the ALJ found that J.R.R. was not disabled. Tr. 696.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ failed to properly evaluate J.R.R.'s functioning in the domains of acquiring and using information and health and physical well-being. ECF No. 6-1 at 12. Specifically, Plaintiff argues that remand is warranted because J.R.R. had at least marked limitations in the domains of acquiring and using information and health and physical well-being. *Id.* at 13, 16. To support this argument, Plaintiff cites to evidence in the record that might support greater limitations in these domains than the ALJ found. *Id.* However, where an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021).

Here, the Court concludes that the ALJ's findings are reasonably supported by the record. The ALJ extensively discussed the evidence of record and then discussed how that evidence applied to each functional domain. Tr. 687–94. As for the domain of acquiring and using information, the ALJ evaluated primary care records, the testimony of Plaintiff and her minor child, consultative psychological examinations, and J.R.R.'s school records to support her finding of a less than marked limitation. Tr. 687–93. Specifically, in reaching her conclusion, the ALJ pointed to (1) two psychological consultative examinations that cited to limitations commensurate with a less than marked limitation; (2) a teacher questionnaire that cited to some problems in this domain, but "nothing

beyond an obvious problem in terms of severity"; (3) primary care records, which noted that J.R.R. did well with his grades; (4) primary care records that confirmed that J.R.R. was in regular classes and performing at grade level; and (5) the fact that J.R.R. had not been held back a grade, which the ALJ considered noteworthy because J.R.R's mother acknowledged he had missed multiple days of school due to sickness. Tr. 694.

Thus, the ALJ ultimately concluded that the evidence supported a less than marked limitation in this domain. Tr. 694. Because the ALJ evaluated primary care records, the testimony of Plaintiff and her minor child, consultative psychological examinations, and J.R.R.'s school records to support her finding of a less than marked limitation and adequately explained what information she relied on in reaching that conclusion, the Court concludes that her finding of a less than marked limitation in this domain is supported by substantial evidence. As such, remand is not warranted based on Plaintiff's identification of other evidence that could support a different conclusion. *See Emery S.*, 2021 WL 2592363, at *4.

As for health and physical well-being, the ALJ relied on treatment records and school records in reaching her conclusion. Tr. 694. In her evaluation of this domain, the ALJ explained that J.R.R. had "a longstanding impairment of asthma, with use of various asthma-related medications," and noted that dating back to 2017, J.R.R., "did have a string of ER visits and primary care visits due to continued asthma problems." Tr. 694. However, the ALJ also noted that by April 2018, J.R.R.'s asthma was described as "mild persistent," and by September 2020, J.R.R.'s asthma was controlled on medication. Tr. 694. Further, by 2022, a primary care visit found that J.R.R. had "pretty-well controlled asthma" and J.R.R was not using Qvar twice a day because he was well-controlled. Tr. 694. Additionally, the ALJ pointed to primary care records, which showed that J.R.R. was qualified for all special education, sports, and school activities. Tr. 694. In her evaluation of the record as a whole, the ALJ also explained that at a primary care visit in 2022, on examination, J.R.R. had normal gait, and he moved extremities equally. Tr. 693.

Ultimately, the ALJ concluded that while J.R.R. had periodic flares of asthma, especially in 2018, the more recent evidence indicated that his asthma was better-controlled and that he was physically qualified for sports and school activities. Tr. 694. Therefore, considering the longitudinal evidence, the ALJ found that the evidence supported a less than marked limitation in the domain of health and physical well-being. Tr. 694. Because the ALJ evaluated treatment records and school records to support her finding of a less than marked limitation in the domain of health and physical well-being and adequately explained what information she relied on in reaching that conclusion, the Court concludes that her finding of a less than marked limitation in this domain is supported by substantial evidence. Therefore, again, remand is not warranted based on Plaintiff's identification of other evidence that could support a different conclusion. *See Emery S.*, 2021 WL 2592363, at *4.[3]

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 25, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

[3] To the extent that Plaintiff argues that remand is warranted because the ALJ failed to mention certain evidence Plaintiff believes supports her argument of greater limitations in the domains of acquiring and using information and health and physical well-being, the Court also rejects that argument. *See* ECF No. 6-1 at 15, 17. "Generally, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence." *Kristin H. v. Comm'r of Soc. Sec.,* 23-CV-6692, 2025 WL 461452, at *3 (W.D.N.Y. Feb. 11, 2025). All that is required is that an ALJ's analysis "afford[] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Here, as the Court explained above, the ALJ's conclusion that J.R.R. had less than marked limitations in the domains of acquiring and using information and health and physical well-being was supported by substantial evidence. Thus, remand is not warranted.